UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH M. GOMEZTAGLE,<br><br>            Plaintiff,<br><br>      v.<br><br>CDCR, *et al.*,<br><br>            Defendants. | Case No. 1:25-cv-01792-JLT-CDB<br><br>ORDER ON STIPULATED REQUEST TO STAY PROCEEDINGS<br><br>ORDER DIRECTING DEFENDANTS TO FILE RESPONSIVE PLEADING<br><br>(Doc. 13)<br><br>**14-Day Deadline** |

On December 9, 2025, Plaintiff Deborah M. Gomeztagle ("Plaintiff"), on her own behalf and on behalf of the estate of her son, Decedent Enrique Gomeztagle, initiated this action with the filing of a complaint against Defendants California Department of Corrections and Rehabilitation ("CDCR"), doing business as North Kern State Prison ("NKSP"), Warden Kevin Hixon, Director Gena Jones, and Secretary Jeff Macomber (collectively, "Defendants"). (Doc. 1). On February 17, 2026, the Court granted the parties' stipulation and extended Defendants' time to respond to the complaint to March 26, 2026, and continued the scheduling conference to April 14, 2026. (Doc. 12).

Pending before the Court is the parties' joint stipulated request, filed on March 23, 2026, to stay proceedings for 90 days pending related criminal proceedings in *People v. Kevin Todd Langston*, Case No. 26BFA00752, in the Kern County Superior Court. (Doc. 13). The parties

1

represent that Plaintiff seeks additional information regarding the circumstances of Decedent's death to consider amending the complaint, however, Defendants' ability to provide Plaintiff with pre-answer informal discovery appears to be significantly limited while the related criminal state court action is active due to unspecified restrictions on the disclosure of material evidence. *Id.* at 2. The parties represent that although some documents may be able to be produced pursuant to a protective order, the scope is uncertain due to the ongoing criminal investigation, and discovery in the instant case will be entirely or substantially hindered by the ongoing criminal investigation and prosecution. *Id.*

The parties assert that the requested stay is warranted because discovery will likely be impeded as the case progresses given the case implicates a material witness's Fifth Amendment rights, the facts and circumstances underlying the state criminal prosecution for first degree murder substantially overlap with Plaintiff's § 1983 and state law claims, and the two cases will likely involve substantially the same witnesses and documents. *Id.* at 3. The parties contend that any prejudice to Plaintiff is mitigated as it is unlikely that evidence will be lost or memories will fade, and that the public interest weighs in favor of a stay because "[t]he public has an interest in ensuring that the criminal process is not subverted by ongoing civil cases." *Id.* at 4 (citing *Douglas v. United States*, No. C03-4518, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006) (quotation and citation omitted)). The parties therefore request a 90-day temporary stay and to vacate all pending dates to determine the extent the related criminal proceedings will impact this case and the parties' ability to engage in discovery and litigate the case. The parties assert that if they find that discovery will be substantially limited until the criminal state court action concludes, they propose to file a joint status report with the Court for consideration regarding extending or lifting the stay no later than 14 days prior to the expiration of the temporary stay. *Id.*

**Governing Authority**

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In granting a stay, a court must weigh "the length of the stay against the

2

strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id*.

Three factors guide the Court's determination of whether a stay is appropriate: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55).

**Discussion**

Here, because the parties have stipulated to a temporary stay of the proceedings and the case has not yet been scheduled, the Court finds that factors (1) and (2) above weigh in favor of granting the stay. *CMAX*, 300 F.2d at 268. As to the third factor, the "orderly course of justice" favors granting the requested stay given the purpose of the stay— to allow the parties to determine the extent the related criminal state court proceedings will impact the instant case and the parties' ability to engage in discovery and litigate the case—aims to help the parties simplify the issues and conserve resources. *See id.* Therefore, having considered the parties' stipulated request, and because the *CMAX* factors weigh toward granting of the stay, the Court finds that a stay of proceedings is appropriate in this case. Accordingly, the Court will vacate the scheduling conference and related deadlines, to be reset as necessary following the lifting of the temporary stay.

The Court does not find good cause to further extend the time within which Defendants must file their responsive pleading. The parties offer no argument regarding how or why the circumstances warranting a stay of proceedings undermine Defendants' ability to prepare and file a responsive pleading. To the extent any information germane to Defendants' preparation and filing of their responsive pleading is unavailable for the same reasons the parties request a stay of proceedings, Defendants retain recourse after the filing of their initial responsive pleading to amendment once any such information becomes available to them, pursuant to Fed. R. Civ. P. 15.

///

///

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. This action is STAYED until **June 22, 2026**;

2. The parties are DIRECTED to file a joint status report by **June 8, 2026**, in which they set forth further good cause for any extension of the stay. To the extent the parties seek to extend the stay, they shall (1) cite authorities in support of the proposition that Defendants have any right or privilege to withhold discovery in this case on the grounds that it implicates a nonparty-material witness's Fifth Amendment rights in a separate criminal proceeding, and (2) explain in detail what anticipated discovery in this case Defendants would seek to withhold based on a nonparty-material witness's Fifth Amendment rights in a separate criminal proceeding;

3. The scheduling conference set for April 14, 2026 (Doc. 12) and related filing deadlines are VACATED, to be reset as necessary following any order of the Court lifting the stay; and

4. Defendants' deadline to file their responsive pleading is continued from March 26, 2026, to April 9, 2026.

IT IS SO ORDERED.

Dated:  **March 24, 2026**

_____
UNITED STATES MAGISTRATE JUDGE