UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH M. GOMEZTAGLE, | Case No. 1:25-cv-01792-JLT-CDB |
| Plaintiff, | ORDER DENYING PARTIES' STIPULATED REQUEST TO EXTEND STAY OF PROCEEDINGS |
| v. | |
| CDCR, *et al.*, | (Doc. 17) |
| Defendants. | ORDER SETTING BRIEFING SCHEDULE ON DEFENDANTS' MOTION TO DISMISS |
| | **14-DAY DEADLINE** |

**Relevant Background**

On December 9, 2025, Plaintiff Deborah M. Gomeztagle ("Plaintiff"), on her own behalf and on behalf of the estate of her son, Decedent Enrique Gomeztagle, initiated this action with the filing of a complaint against Defendants California Department of Corrections and Rehabilitation ("CDCR") "doing business as North Kern State Prison" ("NKSP"), Warden Kevin Hixon, Director Gena Jones, and Secretary Jeff Macomber (collectively, "Defendants"). (Doc. 1). On February 17, 2026, the Court granted the parties' stipulated request to extend Defendants' time to respond to the complaint to March 26, 2026, and continued the scheduling conference to April 14, 2026. (Doc. 12).

On March 23, 2026, the parties filed a stipulated request to stay proceedings for 90 days in light of the pendency of related criminal proceedings in state court. (Doc. 13). The next day, the

1

Court stayed this case until June 22, 2026, and vacated the scheduling conference to be reset as necessary following any order of the Court lifting the stay. (Doc. 14).

In its order, the Court directed the parties to file a joint status report by June 8, 2026, in which they set forth further good cause for any requested extension of the stay, including with citation to authorities in support of the proposition that Defendants have any right or privilege to withhold discovery in this case on the grounds that it implicates a nonparty-material witness's Fifth Amendment rights in a related criminal proceeding, and separately, by identifying any anticipated discovery in this case Defendants would seek to withhold based on  a nonparty-material witness's Fifth Amendment rights in a separate criminal proceeding.  *Id.* at 4.  Because the Court did not find good cause to further extend the time within which Defendants must file their responsive pleading, Defendants were directed to file their responsive pleading no later than April 9, 2026.  *Id.* at 3-4.  The Court provided that "[t]o the extent any information germane to Defendants' preparation and filing of their responsive pleading is unavailable for the same reasons the parties request a stay of proceedings, Defendants retain recourse after the filing of their initial responsive pleading to amendment once any such information becomes available to them, pursuant to Fed. R. Civ. P. 15." *Id.* at 3.

On April 6, 2026, Defendants timely filed a pending motion to dismiss.  (Doc. 15). Thereafter, and in light of the limited-duration stay of proceedings (*see* Doc. 14), the Court vacated all filing requirements and hearings on Defendants' motion to dismiss. (Doc. 16).

**The Parties' Joint Status Report (Doc. 17)**

Pending before the Court is the parties' joint status report and stipulated request to extend the temporary stay of this action by an additional 90 days, filed on June 8, 2026.  (Doc. 17).  The parties submit good cause exists to further extend the temporary stay as the related criminal matter of *People v. Kevin Todd Langston*, Case No. 26BFA00752, pending in the Kern County Superior Court, is ongoing with a pre-preliminary hearing and a preliminary examination scheduled in August 2026.  *Id.* at 2.  As to issues concerning the disclosure of discovery in this action, the parties represent that the civil and related criminal matters involve overlapping issues and they "were informed initially" by unidentified persons that no related records could be

produced while the criminal investigation and case remain pending. *Id.* at 3. Although Defendants were later informed that two incident reports may be able to be produced pursuant to a protective order, the parties believe discovery under such constraints "would be piecemeal" and instead prefer to wait until the criminal action concludes based on judicial economy "by narrowing the focus of the action[.]" *Id.* As to applicable rights and privileges, the parties cite to various provisions of California Penal Code § 1054 and to California Government Code section 7923.600, which they characterize "contemplate similar issues" to Federal Rule of Criminal Procedure 16(a)(2). *Id.* at 3-5. The parties assert that Fifth Amendment concerns are implicated here as to the deposition of nonparty Langston, who they anticipate will be subpoenaed for deposition because he is a "central witness but is unlikely to provide testimony without asserting his rights under the Fifth Amendment while the criminal action is pending." *Id.* at 5.

The parties represent that anticipated discovery in this case that may impact the related criminal case if disclosed prior to its conclusion includes incident reports, autopsy and toxicology reports, medical records, and the interview of nonparty Langston. *Id.* at 5. The parties assert that foreseeable Fifth Amendment considerations relate to the deposition of Langston in the instant case, and at this time, the parties are uncertain whether a protective order would cure disclosure concerns as "these documents contain information central to both cases that would form the substance of future pleadings in this action on a docket that can be accessed by nonparties." *Id.* at 5-6.

**Discussion**

In connection with any anticipated request to extend the stay, the Court ordered the parties to identify authorities in support of the proposition that Defendants have any right or privilege to withhold discovery in this case in light of the ongoing and purported related criminal case in state court. (Doc. 14 at 4). As summarized above, the parties rely exclusively on provisions of California state law for such a proposition. But those provisions unquestionably do not govern the parties' rights and responsibilities with respect to undertaking discovery in this federal civil rights action. The starting point is Rule 26 of the Federal Rules of Civil Procedure, which provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to

any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Thus, a party may withhold from production otherwise discoverable information in its possession, custody, and control, only if the material is privileged. In an action such as this where the plaintiff asserts federal causes of action, the federal law of privilege applies. *See Agster v. Maricopa County*, 422 F.3d 836, 839–40 (9th Cir. 2005); Fed. R. Evid. 501. "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." *Kelly v. City of San Jose*, 114 F.R.D. 653, 655 (N.D. Cal.1987).

"The Constitution does not ordinarily require a stay of civil proceedings pending [the outcome] of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Id*. "Nevertheless, a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem to require such action.'" *Id*. (citations omitted).

Because the parties fail to identify and persuasively argue for the application here of any privilege that would permit the defense to withhold from production in discovery documents and information relating to the ongoing criminal proceeding, they have failed to articulate good cause for any extension of the stay. In any event, a protective order adequately could address any concerns relating to the ongoing criminal prosecution – which, to the Court's understanding, charges a nonparty to this action with criminal offenses.

The Court is cognizant of the concerns the parties have raised regarding the anticipated deposition in this action of nonparty Langston and his Fifth Amendment rights while the related criminal matter is pending. While the parties express their preference to avoid conducting discovery in "piecemeal" fashion (Doc. 17 at 3), they do not adequately address in their stipulation why other discovery cannot be undertaken during the time that Langston retains any

Fifth Amendment right in the criminal proceeding.

Finally, because Defendants' motion to dismiss remains pending further briefing, and discovery will not commence unless and until the pleadings are settled and this case is scheduled, the parties' concerns regarding discovery relating to a nonparty witness remain largely speculative at this juncture. Accordingly, the Court finds it appropriate to lift the stay of proceedings in this action and set a briefing schedule on Defendants' pending motion to dismiss.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. The stay of proceedings in this action (Doc. 14) is LIFTED;

2. Plaintiff is DIRECTED to file an opposition or statement of non-opposition to Defendants' pending motion to dismiss (Doc. 15) **within 14 days** of entry of this order; and

3. Defendants may file any optional reply to any timely filed opposition by Plaintiff in accordance with Local Rule 230(d).

IT IS SO ORDERED.

Dated:   **June 10, 2026**                          _____
                                                        UNITED STATES MAGISTRATE JUDGE